Present:  Hassell, C.J., Lacy, Koontz, Kinser, and Lemons, JJ., and Carrico and Russell, S.JJ.

MICHAEL JAMAL DAVIS

OPINION BY
v.  Record No. 052272          SENIOR JUSTICE HARRY L. CARRICO
September 15, 2006

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

The defendant, Michael Jamal Davis, appeals from the judgment of the Court of Appeals of Virginia denying his petition for appeal from his conviction in a bench trial for object sexual penetration.  Code § 18.2-67.2(A).  The trial court sentenced the defendant to a term of three years in the penitentiary with two years suspended.  We awarded him an appeal, and his sole contention is that the evidence was insufficient to establish the necessary element of penetration.

The defendant was originally arrested by Virginia Beach Officer Christopher Moran for drunkenness in public and refusal to identify himself.  Placed in a patrol car, he became violent and tried to kick out the car's window.  He was taken to the police station and placed in the lockup, where he threatened other prisoners with sexual assault.  When Officer Moran attempted to take him before a magistrate, he made a similar threat to the officer, prompting a decision that he would be placed in a single cell rather than the "bullpen."

Officer Christine Caleo assisted Officer Moran in transferring the defendant to a single cell.  Upon reaching the cell, Officer Moran started to take the handcuffs off the defendant and had removed the left one when the defendant spun around and started to raise his hands.  Officer Moran tried to grab the defendant's right arm to keep him from using the handcuff as a weapon, but the defendant continued to resist.  Officer Caleo also attempted to gain control of the defendant.  Officer Moran succeeded in pinning the defendant against the wall, where the defendant began kicking Officer Moran's lower legs.  When Officer Moran finally got the defendant's right arm behind his back, Officer Moran looked down and saw that the defendant had "his left hand in between Officer Caleo's legs."

Officer Caleo had her right arm around the defendant's head "trying to get him down on the ground" when he "brought his left [arm] around and came straight between [her] legs and grabbed [her] vaginal area, cupped it, and put his finger inside the front area of [the] lips of [her] vagina."  Other officers arrived on the scene and helped get the defendant "down on the ground [and] cuffed."

The defendant testified in his own behalf at trial.  He said he was "pretty intoxicated" at the time of the incident in question and did not "know if he did or [he] didn't" do what Officer Caleo said he did.

At the time of her struggle with the defendant, Officer Caleo was dressed in "regular issue . . . polyester pants" and "undergarments as well," and the defendant focuses on this fact in much of his argument on appeal. He correctly points out that Code § 18.2-67.2(A) requires penetration of the victim's labia majora, which is the outermost part of the female genitalia. See Moore v. Commonwealth, 254 Va. 184, 190, 491 S.E.2d 739, 742 (1997). Then, citing one dictionary definition equating "penetration" with "insertion" and another likening "penetration" to "pass through," he maintains that "[his] fingers were not inserted into and did not pass through the labia majora." Rather, he says, "[his] fingers touched the clothing of the officer that covered the *labia majora*" and "[h]er trousers and undergarments were between his fingers and the opening to the sexual organ."

Furthermore, the defendant asserts, the testimony of Officer Caleo was "imprecise." He says that at one point she testified he put his finger "inside" the front area of the lips of her vagina but she later testified his finger "hit" the front area.

The defendant claims this testimony is similar to testimony found insufficient in Moore to support a finding of penetration in a rape case. There, the victim was a child under the age of thirteen. We observed that the victim was not aware of the

3

intricate structure of her sexual organ, and it was clear that when she referred to her vagina she was describing the external part of her anatomy. She testified at one point during the Commonwealth's case-in-chief that the accused placed his penis "in" her vagina and at another point that he placed his penis "on" her vagina. We said the Commonwealth's evidence thus was in a state of equipoise on an essential element of the crime, id. at 189, 491 S.E.2d at 741, and we held there was a failure of proof of penetration as a matter of law, id. at 191, 491 S.E.2d at 742.

Here, however, unlike the child victim in Moore, Officer Caleo was aware of the intricate structure of her genitalia, and she testified explicitly that the defendant put his finger "inside" the front area of the lips of her vagina. Her later statement that the defendant's finger "hit" the front area does not detract in any way from her earlier testimony or cause the evidence to be in a state of equipoise. Indeed, the second statement fortifies the first. She said on the second occasion that it was when the defendant's finger "hit the front area" that she "felt the sensation of pain."

Code § 18.2-67.2(A) only requires slight penetration. See Horton v. Commonwealth, 255 Va. 606, 612, 499 S.E.2d 258, 261 (1998). Nothing in that section specifies that such penetration be accomplished by skin-to-skin contact. And the fact that the

4

victim is clothed does not change the outcome when, as here, the victim testifies explicitly that penetration has occurred despite the existence of clothing and the testimony is uncontradicted.

As the Tenth Circuit Court of Appeals observed in reviewing 18 U.S.C. § 2246(2)(C)(1994), a federal statute defining "sexual act" in a case involving a charge of object sexual penetration of a child wearing blue jeans and underwear:

> The statute applies without qualification to "penetration, however slight," with the required intent. The statute gives no indication Congress intended to treat penetration through an intervening material differently from direct penetration, and we can think of no valid reason for such a difference in treatment. The two acts are comparably invasive.
>
> Unquestionably, some penetration could occur through pliable clothing, like underwear. The existence of intervening material, such as clothing, may raise an issue of fact regarding whether penetration occurred, and a trier of fact may reasonably infer the likelihood of penetration is inversely proportional to the amount (or non-pliable nature) of the intervening material. Existence of such material does not, however, protect defendants from prosecution under the statute.

United States v. Norman T., 129 F.3d 1099, 1103 (10th Cir. 1997), cert. denied, 523 U.S. 1031 (1998).

For these reasons, we will affirm the judgment of the Court of Appeals of Virginia denying the defendant's petition for appeal.

Affirmed.

5