COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Humphreys, Alston and Decker
Argued by teleconference


BASIL JABBAAR NEBLETT

                                                    MEMORANDUM OPINION* BY
v.       Record No. 2105-13-2                  JUDGE MARLA GRAFF DECKER
                                                       SEPTEMBER 2, 2014

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              James S. Yoffy, Judge

       Duncan P. Reid (ReidGoodwin, PLC, on brief), for appellant.

       Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
       Attorney General, on brief), for appellee.


       Basil Jabbaar Neblett, the appellant, was convicted in a bench trial of grand larceny, in

violation of Code § 18.2-95.  On appeal, he challenges the sufficiency of the evidence as it relates to

the value of the stolen item.  He suggests that the evidence did not prove that the stolen cell phone

was valued at $200 or more.  We hold that the evidence was sufficient to prove that the stolen phone

had a value of at least the threshold requirement for grand larceny.  Consequently, we affirm the

conviction.

I.  BACKGROUND[1]

       On January 12, 2013, Jessica Thacker was employed at a Target store on Brook Road in

Henrico County.  She worked in the Target "Mobile" division of the store selling cellular (cell)

---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] "Applying familiar principles of appellate review, we will state the facts in the light
most favorable to the Commonwealth, the prevailing party at trial."  Williams v.
Commonwealth, 278 Va. 190, 191, 677 S.E.2d 280, 281 (2009); see also Baylor v.
Commonwealth, 55 Va. App. 82, 84, 683 S.E.2d 843, 844 (2009).

phones. On that date, the appellant approached Thacker and asked her to assist him in finding a cart so that he could use it to carry a television he was purchasing. Thacker placed her personal cell phone, an iPhone 5, on a shelf with a display of prepaid phones so that she could assist the appellant. Thacker's phone had a "heavy-duty" rubber protective case covering it, which distinguished it from the prepaid phones on the shelf.

Thacker placed the television into a cart she had retrieved for the appellant. She then pushed the cart to the cash register in the back of the store near the electronics department. After leaving the television and cart with the appellant at the cash register, Thacker went to retrieve her phone. The phone was missing from the shelf where Thacker had placed it. In an effort to locate the cell phone, Thacker used the phone at her desk to call it. She heard her cell phone ring a couple of aisles down from where she was standing. Thacker went over to the aisle and saw the appellant at the end of that aisle. She asked the appellant about her phone and he told her that he had not seen the cell phone nor had he picked it up by accident. Her phone had stopped ringing at that point, so in order to locate it, Thacker asked the appellant to try to call it. She provided her number and the appellant entered a number into his cell phone, but her phone did not ring. Thacker's manager came over and used her phone to call Thacker's phone, at which point Thacker heard it ringing again. She was able to locate it on a shelf, in the aisle where the appellant was standing.

The appellant admitted to a Henrico County police officer that he found the phone on the shelf and took it. He claimed that he thought it was a display phone or fake phone. According to the appellant, he "didn't want to steal the phone, he just didn't know who the phone belonged to" when he found it. He also told the officer that he did not give the phone back to Thacker because he was scared and embarrassed. At trial, the Commonwealth played a video which showed the appellant picking up Thacker's phone from the shelf where she had placed it for safekeeping.

Thacker testified that she purchased the phone for $600 in December of 2012, which was about a month prior to the incident. The phone also had a data plan. She stated that the phone was in working condition when she placed it on the shelf that day. According to Thacker, Target's store policy allowed exchanges of cell phones within thirty days of purchase. When asked about the value of her phone, Thacker testified that its value was $600. On cross-examination, appellant's counsel asked Thacker if she sold used cell phones. She responded that she did not. Counsel then asked, "So . . . you're not in a position to say what the value of that was as a used cell phone on the day it was moved from where it was?" Thacker responded, "Correct."

At the conclusion of the Commonwealth's case, the appellant made a motion to strike the evidence, and argued that the Commonwealth failed to prove the value of the stolen cell phone. The trial court denied the motion. The appellant testified in his defense. The court found the appellant guilty of grand larceny and sentenced him to ten years incarceration, with all but fifteen days suspended. This appeal of his grand larceny conviction followed.

## II.  ANALYSIS

The sole issue on appeal is whether the trial court erred in finding sufficient evidence that the stolen cell phone was valued at $200 or more. It is well established that when the sufficiency of the evidence is challenged on appeal, "[i]t is the appellate court's duty to examine the evidence that tends to support the conviction and to uphold the conviction unless it is plainly wrong or without evidentiary support." Carter v. Commonwealth, 280 Va. 100, 104, 694 S.E.2d 590, 593 (2010); see also Grimes v. Commonwealth, 62 Va. App. 470, 476, 749 S.E.2d 218, 221 (2013). This Court does not "'substitute [its] judgment for that of the trier of fact.'" Baylor v. Commonwealth, 55 Va. App. 82, 87-88, 683 S.E.2d 843, 845 (2009) (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)). Instead, the Court asks "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

"'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Reed v. Commonwealth, 62 Va. App. 270, 277, 746 S.E.2d 81, 84 (2013) (quoting Jackson, 443 U.S. at 319). The finder of fact "'is entitled to draw inferences from proved facts, so long as the inferences are reasonable and justified.'" Knight v. Commonwealth, 61 Va. App. 148, 163, 733 S.E.2d 701, 708 (2012) (quoting Moody v. Commonwealth, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998)). Further, "'[i]f reasonable jurists could disagree about the probative force of the facts, we have no authority to substitute our views for those of the trial judge.'" Burton v. Commonwealth, 58 Va. App. 274, 282, 708 S.E.2d 444, 448 (2011) (quoting Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002)). Finally, based upon long-standing principles, "[w]hen a defendant challenges the sufficiency of the evidence, we accord the judgment of a circuit court sitting without a jury the same weight as a jury verdict." Britt v. Commonwealth, 276 Va. 569, 574, 677 S.E.2d 763, 765 (2008).

Code § 18.2-95 provides, in pertinent part, that "[a]ny person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $ 200 or more . . . shall be guilty of grand larceny . . . ." The appellant does not dispute that the evidence was sufficient to prove that he committed the larceny. Rather, he argues that the evidence was insufficient to prove beyond a reasonable doubt that the value of the stolen iPhone reached $200, the statutory threshold for grand larceny. Specifically, he contends that although the Commonwealth proved the original purchase price, the prosecutor failed to produce evidence of depreciation. He suggests that "[w]ithout any evidence of the amount of depreciation, the trial court could only speculate on the value of the used phone."

"'Proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount.'" Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994) (quoting Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954)). The relevant value is the "current value" of the stolen item. Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (*per curiam*). That "current value" is "measured as of the time of the theft." Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997).

In Virginia, the method for establishing the current value of a stolen item in a grand larceny case is well established.

> The test is market value, and particularly retail value. "Fair market value is the price property will bring when offered for sale by a seller who desires but is not obliged to sell and bought by a buyer under no necessity of purchasing." And the original purchase price of an item is admissible as evidence of its current value.

Robinson v. Commonwealth, 258 Va. 3, 5-6, 516 S.E.2d 475, 476 (1999) (citations omitted) (quoting Bd. of Supervisors v. Donatelli & Klein, Inc., 228 Va. 620, 628, 325 S.E.2d 342, 345 (1985)). Further, "[t]he opinion testimony of the owner of the stolen item generally is competent and admissible on the issue of the value of that property." Parker, 254 Va. at 121, 489 S.E.2d at 483.

The evidence necessary to prove the element of value in a grand larceny case is dependent on the factual circumstances in each case. Whether evidence regarding depreciation is necessary to prove value is based upon the nature of the stolen item and the particularized facts. Compare Lester v. Commonwealth, 30 Va. App. 495, 505, 518 S.E.2d 318, 322 (1999) (finding that with stolen jewelry, evidence of original purchase price to prove value was sufficient despite no evidence regarding depreciation), with Walls, 248 Va. at 481, 450 S.E.2d at 364 (finding that testimony that

two televisions that were one to two years old and in good working condition was insufficient to prove value, as no evidence was presented regarding the original purchase price or depreciation).

Here, the stolen iPhone 5 at issue was purchased for $600 only a month prior to the larceny. The original purchase price of this item is admissible as evidence of its current value. Robinson, 258 Va. at 7, 516 S.E.2d at 476. It is also well established that "opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property, regardless of the owner's knowledge of property values." Walls, 248 Va. at 482, 450 S.E.2d at 364. Thacker, the owner, who also happened to sell cell phones, in addition to testifying that she purchased the phone for $600, testified that the value of her iPhone was $600.[2] Thus, her testimony was "competent and admissible" regarding the issue of the phone's value. The weight to be given this unrebutted testimony was the exclusive province of the trier of fact, in this case the trial court.

Further, Thacker specifically testified regarding the condition of her phone. The iPhone was in a protective "heavy-duty" case. Thacker stated that the phone, which included a data plan, was in working condition at the time of the theft. Additionally, her assessment that the phone was in working condition was verified by the manner in which it was recovered a short time after the theft. When Thacker, and then her manager, called the phone in an attempt to locate it immediately after

---

[2] On cross-examination, Thacker testified that she did not sell used cell phones and therefore agreed that she was "not in a position to say what the value of [the iPhone] was as a used cell phone" on the date it was stolen. However, this concession on cross-examination went only to the weight that the fact finder chose to give her testimony, which, viewed in the light most favorable to the Commonwealth, was sufficient to establish that the value of the phone was approximately $600, the original purchase price. See, e.g., Towler v. Commonwealth, 59 Va. App. 284, 291, 718 S.E.2d 463, 467 (2011) ("'[T]he fact that the witness' credit is impeached by contradictory statements affects only the witness' credibility; contradictory statements by a witness go not to competency but to the weight and sufficiency of the testimony. If the trier of the facts sees fit to base the verdict upon that testimony there can be no relief in the appellate court.'" (quoting Swanson v. Commonwealth, 8 Va. App. 376, 379, 382 S.E.2d 258, 259 (1989))).

the theft, Thacker heard it ringing. Abundant evidence enabled the trial court to conclude that the cell phone was in good working order at the time of the theft.

In this case, as in <u>Dunn</u>, 222 Va. 704, 284 S.E.2d 792, the stolen item is "technical" in nature, which includes electronics and mechanical items. This Court has recognized that it is "common knowledge that technical equipment generally depreciates in value *over time* and that equipment which *does not operate properly* has significantly reduced value." <u>Lester</u>, 30 Va. App. at 505, 518 S.E.2d at 322 (emphases added).

The facts in this case are very different from those in <u>Dunn,</u> relied upon by the appellant, and are wholly consistent with the legal principles applicable to proving value that are set forth in <u>Dunn</u> and <u>Lester</u>. <u>Dunn</u> involved a working typewriter that had been purchased for $150 a decade prior to the theft. The purchase price ten years earlier was only $50 over the then-statutory threshold of $100. Our Supreme Court concluded that with only that evidence the trier of fact could not reasonably infer that the typewriter had not lost a third of its value due to depreciation. The Court held that some evidence relating to depreciation was necessary to determine the value of the old typewriter at the time of the larceny.

In the instant case, the stolen item was a one-month-old iPhone 5, valued at $600, or triple the statutory threshold. It had a data plan and was in a protective case. The phone was in working condition at the time of the theft. The owner of the cell phone testified that the original purchase price was $600, and additionally that she valued the cell phone at $600. Based on these facts, specific evidence regarding depreciation was unnecessary and the trier of fact could reasonably infer that the one-month-old iPhone 5 had not depreciated over two-thirds in value rendering it worth less

- 7 -

than $200 at the time of the theft.[3]  The unrebutted evidence was such that the trial court could conclude that there was minimal depreciation or possibly no depreciation in the value of the one-month-old cell phone.[4]

### III.  CONCLUSION

The record supports the trial court's conclusion that the fair market value of the stolen iPhone 5 met or exceeded the minimum $200 threshold for grand larceny at the time of the theft. Based on this Court's deferential standard of review and case precedent regarding proof of value, we hold that this conclusion was not plainly wrong or without evidence to support it.  Consequently, we affirm the conviction.

Affirmed.

---

[3] A trial judge, when sitting as fact finder, like a jury may "'make use of [his] reason and common sense, and the knowledge and experience gained by [him] in everyday life.'"  Person v. Commonwealth, 60 Va. App. 549, 555, 729 S.E.2d 782, 785 (2012) (quoting Charles E. Friend, The Law of Evidence in Virginia § 19-20 (6th ed. 2003)) (concluding that a jury, using its reason, common sense, knowledge, and experience, determined from examining a gun whether it met the statutory definition of a "sawed-off shotgun").

[4] Additionally, several of our sister courts have found that the original purchase price of a stolen item together with evidence concerning age, condition, and utility of the stolen item may afford a basis for determining value.  See, generally, State v. Gartner, 638 N.W.2d 849, 859-60 (Neb. 2002) (citing state cases holding that "purchase price is sufficient evidence of market value where [the] purchase is recent and [the] condition of [the] property is good," to affirm a conviction for theft of a digital camera that had been purchased less than a month earlier).