UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Huff and Senior Judge Annunziata
Argued at Lexington, Virginia


JAMES D. COX, S/K/A
 JAMES DAVIS COX

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1501-13-3                      JUDGE GLEN A. HUFF
                                                    DECEMBER 9, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
Humes J. Franklin, Jr., Judge Designate

Varinder S. Dhillon, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


James Davis Cox ("appellant") appeals his conviction for possession of a sawed-off

shotgun, in violation of Code § 18.2-300. Following a bench trial in the Circuit Court for the

City of Waynesboro ("trial court"), appellant was sentenced to three years' incarceration with

two years and eleven months suspended. On appeal, appellant contends that the trial court erred

"in denying [appellant's] [m]otions to [s]trike the [e]vidence because the Commonwealth failed

to prove that the [a]ppellant was in possession of a 'sawed[-]off shotgun' as defined in Virginia

Code § 18.2-299 and prohibited by Virginia Code § 18.2-300, more specifically that the firearm

in question was 'originally designed as a shoulder weapon.'" For the following reasons, this

Court affirms appellant's conviction.

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

On December 27, 2012, Corporal Vincent J. Donald, III ("Donald"), an officer for the City of Waynesboro Police Department, and his recruit officer, Joshua Graves ("Graves"), responded to a report of a suspicious vehicle parked in the Stop-In parking lot in Waynesboro, Virginia. The officers approached the vehicle and found appellant in the driver's seat. Appellant informed Donald that he was "having some kind of transmission issue" and drove the car 15-20 feet to demonstrate the problem. After the car stopped, Donald approached appellant and "noticed that he was slurring his speech" and smelled of a "[v]ery light" odor of alcohol. Additionally, Graves noticed "a knife on [the] front seat" and also "a baseball bat." Believing appellant was driving under the influence, Donald requested that appellant step out of the vehicle and asked "if there was anything in the vehicle that [he] needed to know about." Initially, appellant responded "no" and gave Donald permission to search the vehicle. As appellant stepped out of the car, however, he handed Donald three "folding knives" and informed him "There's something in the front seat that you're not going to like." A search of the vehicle revealed a firearm[1] in the front seat and additional "knives, the baseball bat, . . . and then all the 20-guage [shotgun] shells." Consequently, Donald arrested appellant for possession of sawed-off shotgun.

---

[1] At trial, Donald initially called the firearm a "sawed-off shotgun" and appellant objected to the characterization. The Commonwealth agreed to refer to the weapon as a firearm.

At trial, Donald was the only witness to testify. Additionally, a photograph of the firearm was introduced as Commonwealth's Exhibit 1,[2] the actual firearm was introduced as Commonwealth's Exhibit 2, and a photograph of the original unmodified model of the firearm was introduced as Exhibit 3. Donald testified that the barrel of the firearm was 14.75 inches long and there was a laser pointer taped below the barrel. Furthermore, Donald stated he understood what weapons qualified as a sawed-off shotgun and that upon finding the firearm he "actually looked at the Code Section [18.2-299, -300] . . . as to what constitutes a sawed-off shotgun."

On appellant's motion, Donald was qualified as a firearms expert. During cross-examination, Donald described the edge of the barrel of the firearm as "smooth" and that it felt like "something that's been machined." On re-direct, Donald stated he researched the firearm online "by looking at the make and model number." From his search, Donald determined that the firearm was a "New England Firearms, Pardner, SBI-20-gauge, single shell shotgun." Additionally, Donald indicated that "someone [had] cut [the butt of the firearm] and taped it back up, with . . . black electrical tape and white electrical tape." Moreover, Donald described the firearm's grip as "a pistol grip." On recross-examination, Donald stated

> based off of my experience with – dealing with weapons, as a Police Officer, that looks like it was – it was cut and taped up, to be used for whatever it was used for. But I don't think . . . I don't think that would come from any factory that way, even if you were talking of a pistol-gripped smooth-bore rifle or anything like that. Usually they're more decorative, they're more ornate. There is . . . wood grain showing.

At the conclusion of the Commonwealth's case-in-chief, appellant moved to strike the evidence and argued the Commonwealth had not met its burden. The trial court denied the motion.

---

[2] Pictures of the firearm and the original unmodified model were offered into evidence and are reproduced at the end of this opinion for illustrative purposes.

Appellant did not present any evidence and renewed his motion to strike, which the trial court again denied.

The trial court then found that

> it's self-evident, by looking at Commonwealth's Exhibit 2, that [the] gun has been modified. As the Officer testified, it appears that the pistol-grip has been sawed on; it was originally a shoulder-fired weapon, that's been sawed off. The barrel is shortened. It's 14 and three quarters inches.

Moreover, the trial court explained "[t]his is a common-sense case . . . nothing more and nothing less." Further, the trial court indicated that the firearm had been "modified from a shoulder-use firearm to a . . . whatever you'd call that. And I don't even call it a pistol grip. It doesn't look like that . . . . That's been modified beyond what a pistol-grip long-arm is." Accordingly, the trial court found appellant guilty of possession of a sawed-off shotgun. This appeal followed.

A. Standard of Review

"When examining a challenge to the sufficiency of the evidence, an appellate court must review the evidence in the light most favorable to the prevailing party at trial and consider any reasonable inferences from the facts proved." Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (citing Zimmerman v. Commonwealth, 266 Va. 384, 386, 585 S.E.2d 538, 539 (2003)). Furthermore, this Court must "'presume the judgment of the trial court to be correct,'" Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (quoting Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992)), and "'will not set it aside unless it is plainly wrong or without evidence to support it,'" id. (quoting Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986)).

B. Sufficiency of the Evidence

On appeal, appellant contends that the trial court erred in denying his motion to strike because the evidence was insufficient to prove that appellant possessed a sawed-off shotgun as

defined under Code § 18.2-299. Specifically, appellant argues that there was reasonable doubt as to whether the firearm was originally designed as a shoulder weapon. The Commonwealth responds that the trial court was permitted to use reasonable and common sense in determining whether the firearm met the requirements of the Code.

Code § 18.2-300(B) states "Possession or use of a 'sawed-off' shotgun or 'sawed-off' rifle for any other purpose, except as permitted by this article and official use by those persons permitted possession by § 18.2-303, is a Class 4 felony." Moreover, "sawed-off shotgun" is defined, under Code § 18.2-299, as

> any weapon, loaded or unloaded, originally designed as a shoulder
> weapon, utilizing a self-contained cartridge from which a number
> of ball shot pellets or projectiles may be fired simultaneously from
> a smooth or rifled bore by a single function of the firing device and
> which has a barrel length of less than 18 inches for smooth bore
> weapons and 16 inches for rifled weapons. Weapons of less than
> .225 caliber shall not be included.

Importantly, "'[w]hether [a] weapon met the statutory definition [of a sawed-off shotgun] was a factual issue for the [finder of fact] to decide.'" Person v. Commonwealth, 60 Va. App. 549, 554, 729 S.E.2d 782, 784 (2012) (quoting Bruce v. Commonwealth, 9 Va. App. 298, 301, 387 S.E.2d 279, 280 (1990)). Consequently, the trial court's finding that appellant possessed a sawed-off shotgun "'shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it.'" Id. (quoting Code § 8.01-680).

The current matter is analogous to this Court's previous ruling in Person. In Person, the police recovered a sawed-off shotgun believed to belong to the defendant after they received tips of its location following a burglary. Id. at 551-52, 729 S.E.2d at 783. The officers found the firearm wrapped in cloth with defendant's name tag attached. Id. at 552, 729 S.E.2d at 783. At trial, the Commonwealth introduced a picture of the firearm and the actual firearm as evidence. Id. at 552, 729 S.E.2d at 784. The defendant moved to strike and argued that the Commonwealth

failed to prove the firearm was a sawed-off shotgun, which the trial court denied. Id. at 553, 729 S.E.2d at 784. On appeal, this Court determined that "[u]sing their reason, common sense, knowledge, and experience, the jury could determine from examining the gun whether it met the statutory definition, and, in finding defendant guilty, the jury necessarily determined that it did." Id. at 555-56, 729 S.E.2d at 785. Moreover, this Court explained "[b]ecause the gun was admitted into the evidence, it was not an evidentiary prerequisite for the Commonwealth to present testimony regarding the gun's characteristics in order for the jury to reach its conclusions." Id. at 556, 729 S.E.2d at 785.

In this case, a photograph of the firearm and the actual firearm were submitted into evidence. Moreover, the evidence established that the firearm's barrel was 14.75 inches in length and "someone [had] cut [the butt of the firearm] and taped it back up, with . . . black electrical tape and white electrical tape." Furthermore, Donald, who was qualified as an expert by appellant's own motion, indicated that "I don't think that [the firearm] would come from any factory that way, even if you were talking of a pistol-gripped smooth-bore rifle or anything like that." Lastly, evidence established that the firearm likely was a New England Firearms, Pardner, SBI-20-gauge, single shell shotgun before it was modified.

Therefore, this Court cannot say that the trial court erred by finding it was "self-evident" that the firearm was a sawed-off shotgun after reviewing the firearm entered into evidence. Further, the trial court supported this finding by indicating that the "pistol-grip has been sawed on; it was originally a shoulder-fired weapon, that's been sawed off. The barrel is shortened. It's 14 and three quarters inches." "Using . . . reason, common sense, knowledge, and experience, [the trial court] could determine from examining the gun whether it met the statutory definition, and, in finding defendant guilty, [the trial court] necessarily determined that it did." Person, 60 Va. App. at

555-56, 729 S.E.2d at 785. Accordingly, this Court finds that the trial court's finding was not plainly wrong or without evidence to support it.

### III.  CONCLUSION

Based on the foregoing, this Court holds that the trial court did not err in denying appellant's motion to strike and finding the evidence sufficient to prove appellant possessed a sawed-off shotgun.  Finding no error, this Court affirms the trial court's ruling.

<u>Affirmed.</u>



