COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Fulton and Callins

EDWARD ALLEN CLIBORNE

v.      Record No. 1433-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 8, 2023

FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Joseph M. Teefey, Jr., Judge

(Kevin E. Calhoun, on brief), for appellant.

(Jason S. Miyares, Attorney General; Matthew J. Beyrau, Assistant
Attorney General, on brief), for appellee.


A jury convicted Edward Allen Cliborne of object sexual penetration, in violation of Code

§ 18.2-67.2. On appeal, Cliborne asserts that the evidence was insufficient to establish that he

penetrated the victim's labia majora or anus, a necessary element of the offense. After examining

the briefs and record, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party [below]." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting

*Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we "discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

favorable to the Commonwealth and all fair inferences to be drawn [from that evidence]." *Cady*,

300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

In February 2020, Arlene Whitt hosted a party at her house and invited M.M., who planned to stay overnight. M.M. brought Cliborne to the party. She and Cliborne previously had sex years earlier, but before the party M.M. told Cliborne that she was not interested in having a sexual relationship with him and that she just wanted to "hang out."

Shortly after midnight, M.M. went to Whitt's daughter's bedroom, where Whitt's niece was asleep in another bed. Cliborne, who was intoxicated, followed M.M. and got into bed with her, despite her protests. He undid M.M.'s pants and put his hands over her underwear. M.M. tried to deter him, pointing out that a child was in the room, and again insisted that she "d[id not] want to do anything." Cliborne was not dissuaded and kept trying "to touch" her. M.M. testified that Cliborne "penetrated me with his fingers" repeatedly. Each time, she "nudg[ed] him off." Cliborne also grabbed M.M.'s hand and put it in his pants, forcing her to touch his penis. She removed her hand "immediately," but "froze" and felt "intimidated." Cliborne eventually left the room, and M.M. fell asleep.

The next morning, Cliborne returned to the bedroom. He put his hands in M.M.'s pants again, but he "only put his hand over [the] top of [her] underwear that time." Once again, M.M. told him "no," and she refused his request for a ride home. She reported the incident to the police the next day.

Cliborne moved to strike the evidence at the close of the Commonwealth's case, arguing that the Commonwealth failed to prove that he penetrated M.M.'s labia majora or anus rather than a different bodily opening, such as, "for example[,] . . . a belly button." The court denied the motion to strike, and the jury convicted Cliborne of object sexual penetration.

ANALYSIS

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to

support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). On appeal, "we review factfinding with the highest degree of appellate deference." *Bowman v. Commonwealth*, 290 Va. 492, 496 (2015). "The question . . . is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Ingram*, 74 Va. App. at 76 (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)).

Code § 18.2-67.2(A),[1] the object sexual penetration statute, "requires penetration of the victim's labia majora, which is the outermost part of the female genitalia," or anus. *Davis v. Commonwealth*, 272 Va. 476, 478 (2006). The issue of penetration is a factual one, to be determined by jury. *Ryan v. Commonwealth*, 219 Va. 439, 444 (1978) (noting that "the issue of penetration is a question for the jury"). Further, penetration "need be only slight" and "[p]enetration of the vaginal opening . . . clearly [is] not required." *Jett v. Commonwealth*, 29 Va. App. 190, 194-95 (1999) (en banc) (second and third alterations in original) (first quoting *Horton v. Commonwealth*, 255 Va. 606, 612 (1998); and then quoting *Love v. Commonwealth*, 18 Va. App. 84, 88 (1994)); *see also Davis*, 272 Va. at 479 (affirming conviction for object sexual penetration where victim's uncontradicted testimony established that the defendant penetrated her vagina through her pants and undergarments and finding that "[n]othing in [Code § 18.2-67.2(A)] specifies that . . . penetration be accomplished by skin-to-skin contact").

In *Lawson v. Commonwealth*, 13 Va. App. 109, 113 (1991), on which Cliborne relies, the victim testified, with no further elaboration, that the defendant had "oral sex" with her. This Court held that the victim's testimony was insufficient to establish that the defendant's lips or tongue penetrated her vagina. *Id.* at 113-14. Similarly, the Supreme Court ruled that testimony

---

[1] "An accused shall be guilty of inanimate or animate object sexual penetration if he or she penetrates the labia majora or anus of a complaining witness . . . against the will of the complaining witness, by force, threat or intimidation . . . ." Code § 18.2-67.2(A)(2).

from a 14 year old that she had a "sexual relationship" with the defendant was insufficient, standing alone, to establish the elements of carnal knowledge. *Welch v. Commonwealth*, 271 Va. 558, 564-65 (2006) ("There may be a wide range of acts that could be fairly understood by a 14-year-old as sexual in nature, but some of those acts would not be prohibited under the carnal knowledge statute.").

In contrast to these cases, however, Cliborne argues only that M.M.'s testimony failed to establish *what* part of her body Cliborne penetrated, not *whether* he penetrated her. He asserts that M.M.'s testimony fails to repudiate his reasonable hypotheses of innocence.

"Properly understood, the reasonable-hypothesis principle is not a discrete rule unto itself." *Fary v. Commonwealth*, 77 Va. App. 331, 343 (2023) (en banc) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 249 (2016)). "The statement that . . . evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." *Id.* at 344 (quoting *Vasquez*, 291 Va. at 249-50). "[I]t is the *fact finder*, not this Court, that determines whether a defendant's hypothesis is reasonable," *id.* at 347, and a fact finder's determination that a hypothesis is unreasonable is "binding on appeal unless plainly wrong," *id.* at 344 (quoting *Lucas v. Commonwealth*, 75 Va. App. 334, 348 (2022)).

Cliborne posits that the jury was plainly wrong in rejecting his two hypotheses of innocence. First, he argues that he could have penetrated one of the victim's bodily openings other than her labia majora or anus. M.M. testified, however, that Cliborne "forcibly put his hands in [her] pants" and "over [her] underwear," and then penetrated her with his fingers. In this context, a fact finder could reasonably conclude beyond a reasonable doubt that Cliborne

penetrated one of the only two bodily openings under her pants: her labia majora or anus, rather than, as Cliborne suggests, her "belly button."[2]

Alternatively, Cliborne suggests that M.M. could have meant that he merely penetrated her underwear. However, M.M. specifically testified that "he penetrated *me* with his fingers." (Emphasis added). A reasonable fact finder relying on common sense and experience could conclude beyond a reasonable doubt that use of the word "me" meant the victim's body, not an item of clothing. *Cf. Person v. Commonwealth*, 60 Va. App. 549, 555 (2012) ("[Jurors] may make use of their reason and common sense, and the knowledge and experience gained by them in everyday life." (quoting Charles E. Friend, *The Law of Evidence in Virginia* § 19-20 (6th ed. 2003))). M.M. also described Cliborne's actions the next morning: "He only put his hand over [the] top of my underwear *that time.*" (Emphasis added). M.M.'s distinction between the two incidents further supports the jury's reasonable conclusion that Cliborne penetrated her labia majora or anus and not merely her underwear.

Cliborne's hypotheses of innocence were not based on the evidence, and the jury was not plainly wrong in rejecting them. Because sufficient evidence supports Cliborne's conviction, we affirm.

*Affirmed.*

---

[2] Cliborne is correct that the evidence was insufficient to definitively conclude which specific bodily opening he penetrated as between the victim's labia majora or anus. That fact is not fatal to Cliborne's conviction because penetration of either satisfies the statute, and the indictment charged Cliborne with penetrating the victim's "labia majora *or* anus." (Emphasis added). The Commonwealth may "charge the commission of a single offense in several different ways in order to meet the contingencies of proof." *Andrews v. Commonwealth*, 280 Va. 231, 286 (2010) (quoting *Buchanan v. Commonwealth*, 238 Va. 389, 397 (1989)).