PRESENT: Hassell, C.J., Lacy, Keenan, Koontz, Lemons, and Agee, JJ., and Compton, S.J.

ROY WYLIE ZIMMERMAN
                                    OPINION BY
                            SENIOR JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 022359               September 12, 2003

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

The sole question in this criminal appeal is whether the evidence was sufficient to support a conviction for assault upon a police officer.

Defendant Roy Wylie Zimmerman was indicted for feloniously assaulting a law-enforcement officer, knowing or having reason to know that he was engaged in the performance of his public duties, in violation of Code § 18.2-57(C), and for operating a motor vehicle as an habitual offender, second or subsequent offense.  The accused was tried and convicted of both charges during a bench trial in the Circuit Court of Augusta County.  Subsequently, the court sentenced defendant to incarceration on each charge.

The Court of Appeals of Virginia, in an unpublished order, denied defendant's petition for appeal in which he challenged only the assault conviction.  Zimmerman v. Commonwealth, Record No. 2908-01-3 (September 16, 2002).  The court determined the Commonwealth's evidence sufficiently established that defendant

was guilty of assault, and that the officer was engaged in the performance of his public duties at the time of the offense.

We awarded the defendant this appeal, limited to the question whether his guilt of assault has been sufficiently proved.

According to settled principles of appellate review, we shall consider "the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court, and will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence."  Commonwealth v. Hill, 264 Va. 541, 543, 570 S.E.2d 805, 806 (2002).

Viewed in this manner, the following facts were established by the evidence.  On September 11, 2000 during daylight hours, John M. Wieger, an Augusta County Deputy Sheriff, had "just marked off duty" and had parked his police vehicle at the foot of his private driveway "a couple of feet off . . . Route 657," a public highway in the county.  Wieger, "dressed in a duty uniform," but without a hat, walked across the two-lane road to "check" his mail at a mailbox adjacent to the highway.

As he was "checking" his mail, the officer heard the "roar" of a vehicle's engine approaching him from his "right side."  He "looked up" and "observed a dark-colored vehicle passing . . . a beige pickup truck" illegally across "dual yellow lines" on a nearby curve in the highway.

Wieger "went out into the middle of the road then and tried to flag [the vehicle] down," waving his arms and trying "to get it stopped." He testified that "it was coming at me, and the engine started to gun and revved its engine, and it was coming at me at a high rate of speed." At that point, feeling that his "safety was more paramount than trying to get this vehicle stopped," the officer "went off to the shoulder of the road, by the mailbox."

As the speeding vehicle passed within five feet of the officer, he observed a male (later identified as the defendant) driving it, accompanied by a female passenger. The officer in his patrol car pursued defendant's vehicle and, after losing sight of it for several minutes, finally "got the vehicle stopped" some distance away from the scene of the incident. At that time, the female was operating the vehicle and the defendant was the passenger.

An eyewitness, the operator of the pickup truck, testified that "after [the defendant] passed me, I saw the Deputy come out in . . . the road and tried to flag him down, but he went on around him."

There is no dispute regarding the law applicable here. Code § 18.2-57(C) provides, as pertinent, that "if any person commits an assault" against another knowing or having reason to know that such other person is a law-enforcement officer engaged

3

in the performance of his public duties, the accused shall be guilty of a Class 6 felony.

In this jurisdiction, we adhere to the common law definition of assault, there having been no statutory change to the crime. In order to constitute an assault, there must be an attempt with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; it is any act accompanied with circumstances denoting an intention, coupled with a present ability, to use actual violence against another person. Harper v. Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955). See Commonwealth v. Vaughn, 263 Va. 31, 35, 557 S.E.2d 220, 222 (2002) ("intent to put another in fear of bodily harm with a threat to use bodily force . . . is an assault").

An assault requires an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do physical injury to the person of another. Merritt v. Commonwealth, 164 Va. 653, 658, 180 S.E. 395, 397 (1935). There is no requirement that a victim be physically touched to be assaulted. Harper, 196 Va. at 733, 85 S.E.2d at 255 (assault occurs "though [the victim] be not struck").

On appeal, the defendant says the evidence merely shows that he "drove his car past an off-duty deputy sheriff who was

4

trying to get him to stop by means of waving his arms." The defendant's sole contention is: "There was no evidence that [he] swerved toward the police officer or did anything to try to hit the police officer. In fact, the testimony of . . . the driver of the pickup truck following the defendant, indicates that the car was trying to avoid the deputy in that he says, 'he went on around him.'"

Continuing, the defendant argues, "It is clear that [he] did not intend to stop for the police officer, but there is no evidence that he had any intent to do bodily harm to the officer. There was no overt act by the defendant to show an attempt to do physical injury to Mr. Wieger."

We do not agree with the defendant. His contention ignores the evidence when it is viewed in the light most favorable to the Commonwealth, and when the Commonwealth is accorded the benefit of all reasonable inferences flowing from that evidence.

The police officer was standing in the center of the highway in plain view of approaching motorists waving his arms. The defendant, an habitual offender, operated his vehicle unlawfully past another vehicle in a no-passing zone at a high rate of speed. As the officer was standing there, the defendant gunned and revved the vehicle's engine, increasing its speed at a point so near the officer that he was put in fear of his

5

safety if he remained in the highway.  Manifestly, the defendant attempted to strike the officer and do bodily harm to him.

The facts clearly establish a malicious attempt, with force and violence, to harm the officer by means calculated to produce that end if carried into execution.  The defendant committed the required overt act (aiming and gunning a speeding vehicle at the officer) in the course of his effort to escape apprehension as a repeat habitual offender.

We are not persuaded by Bennett v. Commonwealth, 35 Va. App. 442, 546 S.E.2d 209 (2001), relied upon by the defendant. There, the Court of Appeals ruled the evidence was insufficient to support a conviction for assaulting two police officers. During a confrontation within a private residence, the accused, shouting profanities at the officers, was not armed and made no threatening gestures.

The appellate court determined that, although the defendant "stood within inches of the officers, he made no overt act or attempt to physically harm either officer."  Id. at 449, 546 S.E.2d at 212.  Here, in contrast, defendant committed the required overt act.

Consequently, we hold the Court of Appeals in the present case did not err and its judgment confirming the conviction will be

Affirmed.

6