COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Kelsey and Senior Judge Overton
Argued at Richmond, Virginia


HOWELL WATKINS TRENT, S/K/A
 HOWELL WATKINS TRENT, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 1844-03-2        JUDGE NELSON T. OVERTON
                                         JUNE 8, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Leslie M. Osborn, Judge

Sandra M. Saseen, Senior Assistant Public Defender, for appellant.

Paul C. Galanides, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


The trial court convicted appellant of assault and battery of a household member in violation of Code § 18.2-57.2(B).  Appellant contends the evidence was insufficient to prove he intended to inflict bodily harm upon the victim.  Appellant argues he never threatened the victim and did not throw an item directly at her.  We disagree and affirm the trial court.

According to settled principles of appellate review, we consider "the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court, and will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence."  Commonwealth v. Hill, 264 Va. 541, 543, 570 S.E.2d 805, 806 (2002).

So viewed, the evidence proved that appellant and his wife, Carol Trent, resided in a camper trailer.  On November 4, 2002, Mrs. Trent exited the shower when appellant "went berserk" and started throwing household items.  Mrs. Trent testified she "went to get clothes to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

get out of the trailer" when she was hit in the head with an ashtray thrown by appellant. Mrs. Trent was in a bedroom, and appellant was in a hallway when he threw the ashtray. Mrs. Trent heard appellant "fussing and yelling" while she was in the shower, but did not understand why he was upset. She thought appellant was "upset with world" and later learned that he had not taken his medication. Appellant also threw several other household objects before Mrs. Trent left their residence. Mrs. Trent ran to a nearby residence and called the police. Deputy Yancey responded to the scene and found Mrs. Trent outside. Yancey approached the residence and saw appellant throwing household items out the front door. Yancey had to restrain appellant before he could handcuff appellant.

"An assault requires an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do physical injury to the person of another. There is no requirement that a victim be physically touched to be assaulted." Zimmerman v. Commonwealth, 266 Va. 384, 387, 585 S.E.2d 538, 539 (2003). "Battery is the actual infliction of corporal hurt on another . . . wilfully or in anger, whether by the party's own hand, or by some means set in motion by him." Jones v. Commonwealth, 184 Va. 679, 682, 36 S.E.2d 571, 572 (1946). "'The slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.'" Adams v. Commonwealth, 33 Va. App. 463, 469, 534 S.E.2d 347, 350 (2000) (citation omitted). "[I]f the act was done with reckless and wanton disregard for the lives and safety of others, the law would impute to the defendant an intent to do bodily harm and he would be guilty of assault and battery." Banovitch v. Commonwealth, 196 Va. 210, 219, 83 S.E.2d 369, 374-75 (1954).

The evidence was sufficient to sustain appellant's conviction for assault and battery despite the absence of specific evidence that appellant threatened Mrs. Trent or evidence of appellant's specific intent to harm her. Appellant admitted he "began throwing things in anger."

After appellant started throwing things in anger, he threw an ashtray, hitting Mrs. Trent in the head. Appellant was standing in a hallway of the camper trailer, and Mrs. Trent was in a bedroom at the end of the hallway when he threw the ashtray. Appellant conceded that "recklessness is a sufficiently evil mental state to support a battery conviction." Appellant's action of angrily throwing household objects in a camper trailer, within sight of Mrs. Trent, showed a reckless disregard for her safety. Accordingly, we affirm appellant's conviction for assault and battery of a household member.

Affirmed.
