# Matter of Julio E. VELASQUEZ, Respondent

File A094 038 330 - Arlington, Virginia

*Decided July 16, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The misdemeanor offense of assault and battery against a family or household member in violation of section 18.2-57.2(A) of the Virginia Code Annotated is not categorically a crime of violence under 18 U.S.C. § 16(a) (2006) and therefore not categorically a crime of domestic violence within the meaning of section 237(a)(2)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(i) (2006).

FOR RESPONDENT: John T. Riely, Esquire, Bethesda, Maryland

FOR THE DEPARTMENT OF HOMELAND SECURITY: Rhonda M. Dent, Appellate Counsel; Karen Donoso Stevens, Assistant Chief Counsel

BEFORE: Board Panel: GRANT and MILLER, Board Members. Concurring Opinion: MALPHRUS, Board Member, joined by MILLER, Board Member.

GRANT, Board Member:

In a decision dated May 21, 2008, an Immigration Judge found the respondent removable on his own admissions under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2006), as an alien who is present in the United States without being admitted or paroled. The Immigration Judge also pretermitted the respondent's application for cancellation of removal pursuant to section 240A(b)(1)(C) of the Act, 8 U.S.C. § 1229b(b)(1)(C) (2006), finding that he was ineligible for that relief because he had been convicted of a crime of domestic violence. The respondent has appealed from the Immigration Judge's finding regarding his eligibility for cancellation of removal. The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

This case requires us to determine whether the offense of misdemeanor assault and battery of a family member in violation of section 18.2-57.2(A) of the Virginia Code Annotated categorically qualifies as a crime of domestic violence within the meaning of section 237(a)(2)(E) of the Act, 8 U.S.C. § 1227(a)(2)(E) (2006). In light of the decision of the United States Supreme Court in *Johnson v. United States*, 130 S. Ct. 1265 (2010), we hold

that because the Virginia statute reaches conduct that cannot be classified as "violent force," the respondent's offense is not categorically a "crime of violence" and thus cannot be classified as a categorical crime of domestic violence for purposes of section 237(a)(2)(E) of the Act. Accordingly, the record will be remanded to determine whether the respondent's offense qualifies as a crime of domestic violence under the modified categorical approach.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of El Salvador who entered the United States at an unknown place and time. On August 18, 2004, he was convicted of assault and battery of a family member in violation of section 18.2-57.2(A) of the Virginia Code Annotated. He was sentenced to a term of imprisonment of 10 days and was subjected to certain conditions, including a no-contact order with the victim.

On August 30, 2005, the Department of Homeland Security ("DHS") initiated removal proceedings against the respondent. At his hearing, the respondent filed an application for cancellation of removal under section 240A(b)(1) of the Act. The DHS filed a motion to pretermit the respondent's application, arguing that his conviction was for a categorical crime of domestic violence, which rendered him ineligible for relief under section 240A(b)(1)(C) of the Act. The Immigration Judge granted the motion and ordered the respondent removed to El Salvador.

The respondent appealed from the Immigration Judge's finding regarding his eligibility for cancellation of removal, arguing that he was not convicted of a crime of domestic violence. Subsequent to the decision of the Supreme Court in *Johnson v. United States*, 130 S. Ct. 1265, we invited the parties to submit supplemental briefs, and both parties did so. We review de novo the Immigration Judge's determination on this question of law. 8 C.F.R. § 1003.1(d)(3)(ii) (2010); *see also Matter of Almanza*, 24 I&N Dec. 771 (BIA 2009).

## II. ANALYSIS

An alien who has been convicted of a crime of domestic violence under section 237(a)(2)(E)(i) of the Act is ineligible for cancellation of removal under section 240A(b)(1)(C). A "crime of domestic violence" means any "crime of violence," as that term is defined in 18 U.S.C. § 16 (2006), that is committed by a specified person against one of a defined set of victims. *See* section 237(a)(2)(E)(i) of the Act. A crime of violence is defined at 18 U.S.C. § 16 as follows:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The respondent pled guilty to assault and battery under section 18.2-57.2(A) of the Virginia Code Annotated, which states that any "person who commits an assault and battery against a family or household member is guilty of a Class 1 misdemeanor." According to section 18.2-11 of the Virginia Code Annotated, a Class 1 misdemeanor under Virginia law is punishable by not more than 1 year in prison. Consequently, for purposes of Federal law, the respondent's offense would be classified as a misdemeanor, not as a felony. *See* 18 U.S.C. §§ 3559(a)(5), (6) (2006). Thus, because the respondent's offense is not a felony under Federal law, it cannot constitute a crime of violence under 18 U.S.C. § 16(b). *See Matter of Martin*, 23 I&N Dec. 491, 493 (BIA 2002). Accordingly, our inquiry is limited to whether the respondent's offense has as an element the use, attempted use, or threatened use of physical force against the person or property of another under § 16(a).

Because the Virginia Code Annotated does not define assault and battery, Virginia courts have relied on common law definitions of those crimes. *See, e.g.*, *Carter v. Commonwealth*, 606 S.E.2d 839, 841 (Va. 2005); *Zimmerman v. Commonwealth*, 585 S.E.2d 538, 539 (Va. 2003); *Clark v. Commonwealth*, 676 S.E.2d 332, 336 (Va. Ct. App. 2009). However, Virginia law is clear that "only the offense of an assault *and* a battery is encompassed within the statute." Va. Op. Att'y Gen. 99 (1997), 1997 WL 767056 (emphasis added). Thus, we must look to the definitions of both assault and battery under Virginia law to determine if, on a categorical basis, they require the use, attempted use, or threatened use of violent force.[1]

---

[1] Contrary to the respondent's argument on appeal, the statute under which he was convicted is sufficiently clear with respect to the "domestic" status of the protected victim. *See* Va. Code Ann. § 16.1-228 (2004) (defining "family or household member"). In regard to whether the victim is a "protected" person within the meaning of section 237(a)(2)(E)(i) of the Act, we note that it lists a broad class of victims, including current or former spouses, parties with a child in common, individuals currently or formerly cohabiting as a spouse, individuals similarly situated to a spouse under the domestic or family violence laws of the jurisdiction where the offense occurs, or any other individual who is protected from the perpetrator's acts under the domestic or family violence laws of the jurisdiction. Virginia's definition of a "family or household member" includes both those who fit within the most restrictive definition of family members (such as spouses) and others, such as cohabitants and individuals who recently cohabited, who fit within the broad list of protected individuals

(continued...)

An assault occurs "when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm *or* engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim." *Carter v. Commonwealth*, 606 S.E.2d at 841 (noting the merger of the criminal offense of assault and the tort of assault, which have the same definition under Virginia law); *see also Zimmerman v. Commonwealth*, 585 S.E.2d at 539 (stating that assault also includes the "unequivocal appearance" of an attempt to do physical injury to another); *Clark v. Commonwealth*, 676 S.E.2d at 336. There is no requirement that a victim of assault be physically touched. *See, e.g.*, *Zimmerman v. Commonwealth*, 585 S.E.2d at 539.

A battery under Virginia law is "'the actual infliction of corporal hurt on another . . . willfully or in anger, whether by the party's own hand, or by some means set in motion by him.'" *E.g.*, *Commonwealth v. Vaughn*, 557 S.E.2d 220, 222 (Va. 2002) (quoting *Jones v. Commonwealth*, 36 S.E.2d 571, 572 (Va. 1946)). Unlike assault, battery requires the unlawful touching of another, although it is not necessary for the touching to result in injury to the person. *See Adams v. Commonwealth*, 534 S.E.2d 347, 350-51 (Va. Ct. App. 2000) (defining touch as to be in contact or to cause to be in contact); *Perkins v. Commonwealth*, 523 S.E.2d 512, 513 (Va. Ct. App. 2000). Additionally, the "'slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery.'" *Adams v. Commonwealth*, 534 S.E.2d at 350 (quoting *Crosswhite v. Barnes*, 124 S.E. 242, 244 (Va. 1924)); *see also Matter of Sejas*, 24 I&N Dec. 236, 238 (BIA 2007). However, whether a touching is a battery depends on the intent of the actor, not the force applied. *See Adams v. Commonwealth*, 534 S.E.2d at 350.

In *Johnson v. United States*, 130 S. Ct. at 1271, the Supreme Court held that in order to constitute a "violent felony" under the relevant provisions of the Armed Career Criminal Act ("ACCA"), the level of "physical force" required for a conviction must be "*violent* force—that is, force capable of causing physical pain or injury to another person." *See* 18 U.S.C. §§ 924(e)(1), (2)(B)(i) (2006). The Court concluded that simple battery under Florida law was not a violent felony because a conviction under the relevant statute may occur when an individual has committed an actual and intentional touching involving physical contact, no matter how slight. *Johnson v. United States*, 130 S. Ct. at 1269-70.

---

(...continued)

in section 237(a)(2)(E)(i). Moreover, we note that the domestic or family relationship need not be an element of the predicate offense to qualify as a misdemeanor crime of domestic violence under this section. *See United States v. Hayes*, 129 S. Ct. 1079 (2009).

Since the ACCA's definition of a "violent felony" is, in pertinent part, identical to that in 18 U.S.C. § 16(a), *Johnson* controls our interpretation of a "crime of violence" under § 16(a).[2] The Court in *Johnson*, 130 S. Ct. at 1271, relied on its prior decision in *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004), holding that the definitions in 18 U.S.C. § 16 suggest a category of "violent, active crimes." The Court also specifically endorsed the holding of the United States Court of Appeals for the Seventh Circuit in *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003), that in order to constitute an aggravated felony crime of violence, the elements of the offense must require the intentional use of "violent force." *Johnson v. United States*, 130 S. Ct. at 1271.

Finally, the Court specifically acknowledged that many generic domestic battery statutes do not require as an element the intentional use of violent force. The Government argued that because of this, a ruling that "violent force" is required under the ACCA would make it more difficult to obtain removal orders under section 237(a)(2)(E)(i) of the Act, which is the very issue in this case. The Court acknowledged the difficulty but stated that in such cases, recourse must be had to the modified categorical approach. In response to the Government's argument that the type of conviction records allowed under the modified categorical approach are often incomplete (and thus silent on the precise nature of the "force" used to sustain a conviction), the Court stated that the "absence of records will often frustrate application of the modified categorical approach—not just to battery but to many other crimes as well." *Johnson v. United States*, 130 S. Ct. at 1273. Moreover, the Fourth Circuit recently applied *Johnson* to reverse a conviction under 18 U.S.C. § 922(g)(9) for possession of a firearm after having "been convicted in any court of a misdemeanor crime of domestic violence," holding that section 18.2-57.2(A) of the Virginia Code Annotated includes nonviolent force, such as an offensive touching, and that "violent force," as required in *Johnson*, is not an element of assault and battery under Virginia common law. *United States v. White*, 606 F.3d 144 (4th Cir. 2010).

The DHS argues in its supplemental brief that *Johnson* does not control the outcome of this case because the Court's decision was limited to the question of what constitutes a "violent felony," and because the Court specifically endorsed the use of the modified categorical approach to determine whether, in the immigration context, an offense is a crime of domestic violence. However, the DHS argument overlooks both the Court's specific endorsement

---

[2] The ACCA does not, as does 18 U.S.C. § 16(a), reach crimes against the property of another. Because it is not necessary to address whether "violent" force would be required for property crimes as well as for crimes against the person, we do not resolve that issue in this case.

of the Seventh Circuit's decision in *Flores* and its clear statement that resort could be made to the modified categorical approach. Had the Supreme Court determined that its ruling in *Johnson* did not apply outside the context of the ACCA, it could have responded to the Government's specific arguments regarding immigration cases, and to those of the dissent,[3] by so limiting its ruling. Instead, it fully engaged those arguments and left no room for the Government to contend that 18 U.S.C. § 16(a) can be satisfied with proof of anything less than "violent" force. Only Congress can address whether the categorical approach should be required to establish deportability in these circumstances.

Accordingly, in regard to crimes against the person, we conclude that the "physical force" necessary to establish that an offense is a "crime of violence" for purposes of the Act must be "violent" force, that is, force capable of causing physical pain or injury to another person. The key inquiry is not the alien's intent for purposes of assault, but rather whether battery, in all cases, requires the intentional use of "violent force." An offense cannot therefore be classified as a "categorical" crime of violence unless it includes as an element the actual, attempted, or threatened use of violent force that is capable of causing pain or injury. The crime of assault and battery in Virginia does not contain such a requirement.

For the reasons discussed above, an assault and battery conviction under section 18.2-57.2(A) of the Virginia Code Annotated does not, in all cases, require the use, attempted use, or threatened use of violent physical force under 18 U.S.C. § 16(a). Consequently, the respondent's offense is not categorically a crime of violence and therefore not categorically a crime of domestic violence under section 237(a)(2)(E) of the Act. Thus, the modified categorical approach must now be applied. *See Johnson v. United States*, 130 S. Ct. at 1273; *United States v. White*, 606 F.3d at 155; *see also, e.g.*, *Matter of Milian*, 25 I&N Dec. 197, 199-200 (BIA 2010) (discussing documents that may be considered in applying the modified categorical approach). The record will therefore be remanded for consideration of evidence regarding whether the offense constitutes a crime of domestic violence under the modified categorical approach.[4] Accordingly,

---

[3] The dissent in *Johnson* clearly foretold the result here. It explained that the analysis regarding "violent force" in *Johnson* would be applicable in the context of domestic violence and noted that the outcome of this approach would be that "many convicted spousal and child abusers will escape removal, a result that Congress is unlikely to have intended." *Johnson v. United States*,130 U.S. at 1278 (Alito, J., dissenting).

[4] Analysis under the modified categorical approach must include an assessment of whether the respondent was convicted of intentional, as opposed to reckless, use of violent force. *Garcia v. Gonzales*, 455 F.3d 465 (4th Cir. 2006).

the respondent's appeal will be sustained, and the record will be remanded for further proceedings.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

*CONCURRING OPINION*: Garry D. Malphrus, Board Member, in which Neil P. Miller, Board Member, joined

I fully concur with the reasoning and the result in this case, which is controlled by *Johnson v. United States*, 130 S. Ct. 1265 (2010). However, because of this approach to section 237(a)(2)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(i) (2006), "many convicted spousal and child abusers will escape removal." *Johnson v. United States*, 130 S. Ct. at 1278 (Alito, J., dissenting). This is true because in State courts, "many people who engage in serious spousal or child abuse ultimately are not charged with or convicted of felonies." *United States v. Hayes*, 129 S. Ct. 1079, 1087 (2009). Instead, these domestic abusers are routinely prosecuted under generally applicable misdemeanor assault or battery laws. *See id.* The legislative history behind the relevant provisions indicates that Congress intended for these perpetrators to face immigration consequences. *See generally Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1138, 1142 (9th Cir. 2006) (Wardlaw, J., dissenting) (discussing congressional intent to protect victims and punish perpetrators of misdemeanor crimes of domestic violence in enacting section 237(a)(2)(E)(i) of the Act); *Matter of Martin*, 23 I&N Dec. 491, 494 (BIA 2002) (discussing legislative history showing that Congress intended to include a "threatened or attempted simple assault or battery" in the definition of a crime of violence under 18 U.S.C. § 16(a)).

Moreover, even when the modified categorical approach is applied, which *Johnson* permits, the limited conviction records that may be consulted to "conclusively show that the offender's conduct involved the use of violent force" often are not available in these cases. *Johnson v. United States*, 130 S. Ct. at 1278 (Alito, J., dissenting). Both the majority and dissent in *Johnson* recognized the limitations of applying the modified categorical approach to this crime. *Id.* at 1273, 1278. Going forward, only Congress can determine whether the categorical approach and its inherent restrictions on considering the actual conduct of the offender should apply to convictions involving domestic violence in immigration proceedings.