# Matter of Bao Quoc DANG, Respondent

*Decided April 28, 2022*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The Supreme Court's construction of "physical force" in *Johnson v. United States*, 559 U.S. 133 (2010), and *Stokeling v. United States*, 139 S. Ct. 544 (2019), controls our interpretation of 18 U.S.C. § 16(a) (2018), which is incorporated by reference into section 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(E)(i) (2018); the Court's construction of "physical force" in *United States v. Castleman*, 572 U.S. 157 (2014), is inapplicable in this context.

(2)  Because misdemeanor domestic abuse battery with child endangerment under section 14:35.3(I) of the Louisiana Statutes extends to mere offensive touching, it is overbroad with respect to § 16(a) and therefore is not categorically a crime of domestic violence under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i).

FOR THE RESPONDENT:  Kenneth A. Mayeaux, Esquire, Baton Rouge, Louisiana

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Matthew Sidebottom, Assistant Chief Counsel

BEFORE:  Board Panel:  CREPPY, LIEBOWITZ, and PETTY, Appellate Immigration Judges.

PETTY, Appellate Immigration Judge:

The respondent was convicted of violating a Louisiana law prohibiting battery of domestic partners.  Based on that conviction, an Immigration Judge found him removable for having been convicted of a crime of domestic violence under section 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(E)(i) (2018).  The respondent challenges that finding.  We must apply the categorical approach to decide whether Louisiana's domestic abuse battery statute criminalizes unlawful contact below the level of "physical force," as the Supreme Court of the United States defined that term in *Johnson v. United States*, 559 U.S. 133 (2010), and *Stokeling v. United States*, 139 S. Ct. 544 (2019).  Under Louisiana law, the "force or violence" element of the domestic abuse battery statute is satisfied by a mere offensive touching.  We therefore conclude that the statute does not categorically require "physical force" as required by *Johnson* and *Stokeling* and is not a crime of domestic violence under the INA.  The

respondent's appeal will be sustained and his removal proceedings terminated.

## I. BACKGROUND

The respondent is a native and citizen of Vietnam and a lawful permanent resident of the United States. In 2017, he was convicted of misdemeanor domestic abuse battery with child endangerment, in violation of section 14:35.3(I) of the Louisiana Statutes, for which he was sentenced to 2 months' imprisonment.[1] Based on this conviction, the Department of Homeland Security ("DHS") charged the respondent as removable under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i), for having been convicted of a crime of domestic violence.

The respondent admitted the fact of his conviction but denied that it rendered him removable. In a motion to terminate his removal proceedings, and in two subsequent motions to reconsider, the respondent maintained that his conviction was not a predicate for removal under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i). The Immigration Judge disagreed, found the respondent removable as charged, and denied each of the motions. However, the Immigration Judge granted the respondent's application for cancellation of removal under section 240A(a) of the INA, 8 U.S.C. § 1229b(a) (2018). The respondent appealed and maintains that his conviction is not a removable offense. DHS has not cross-appealed the grant of cancellation of removal. Following receipt of the respondent's initial brief, we invited both parties to submit supplemental briefs on whether

---

[1] At the time of the respondent's offense, his statute of conviction provided, in relevant part:

> A. Domestic abuse battery is the intentional use of force or violence committed by one household member or family member upon the person of another household member or family member.
> B. For purposes of this Section:
>   . . . .
>   (5) "Household member" means any person of the opposite sex presently or formerly living in the same residence with the offender as a spouse, whether married or not . . . .
>   . . . .
>   I. This Subsection shall be cited as the "Domestic Abuse Child Endangerment Law." When the state proves, in addition to the elements of the crime as set forth in Subsection A of this Section, that a minor child thirteen years of age or younger was present at the residence or any other scene at the time of the commission of the offense [certain penalties will be imposed].

La. Stat. Ann. § 14:35.3 (2017).

a violation of the Louisiana misdemeanor domestic abuse battery statute is categorically a "crime of domestic violence" under section 237(a)(2)(E)(i), and both parties did so.  We review this question of law de novo.  8 C.F.R. § 1003.1(d)(3)(ii) (2021).

## II.  DISCUSSION

### A.  Statutory Context

A noncitizen is removable if, at any time after admission, he or she has been convicted of a "crime of domestic violence." *See* INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i).  A "crime of domestic violence" is defined as any crime of violence (as defined in 18 U.S.C. § 16(a) (2018)) committed by a perpetrator who has a specified domestic relationship with the victim.[2]  *Id.* In order to demonstrate that a noncitizen is removable under this provision, DHS must show both that the statute of conviction is categorically a "crime of violence" and that the crime was committed by a person with the requisite domestic relationship to the victim.  Here, the parties do not dispute the existence of the domestic relationship, so we consider only whether section 14:35.3 of the Louisiana Statutes is categorically a "crime of violence" within the meaning of 18 U.S.C. § 16(a).

We determine whether a criminal conviction is a "crime of violence" under § 16(a), and thus a removable "crime of domestic violence" under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i), by applying the categorical approach.  *See Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (noting that the word "'[c]onviction' is 'the relevant statutory hook'" requiring application of the categorical approach (quoting *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 580 (2010))); *Matter of Moradel*, 28 I&N Dec. 310, 316–17 (BIA 2021).  The categorical approach focuses on the elements of the respondent's statute of conviction.  *See Mathis v. United States*, 579 U.S. 500, 504 (2016).  As it is well established, we do not examine the facts of the respondent's particular case and we must presume that his conviction rested upon only the least culpable conduct proscribed by the statute.  *Moncrieffe*, 569 U.S. at 190–91.  We then determine whether the least culpable conduct so criminalized would necessarily—that is, categorically—be a "crime of violence."  *See id.*  If a defendant can be convicted based on conduct that does not fit the definition of a "crime of violence," then the statute as a whole, if indivisible, does not

---

[2]  In addition to section 237(a)(2)(E)(i), a number of other statutes, including immigration statutes, expressly incorporate the definition of "crime of violence" in 18 U.S.C. § 16(a) by reference.  *See generally Matter of Alcantar*, 20 I&N Dec. 801, 806–07 & nn.3–4 (BIA 1994) (listing provisions).

categorically define a "crime of violence" and cannot be the predicate for removal under section 237(a)(2)(E)(i).

A "crime of violence" means "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). As relevant to this appeal, the key phrase is "physical force." In addition to § 16(a), Congress has employed the phrase "physical force" in at least two other related, but subtly distinct, contexts. First, in the Armed Career Criminal Act ("ACCA"), Congress defined a "violent felony" to be a crime that "has as an element the use, attempted use, or threatened use of *physical force* against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (2018) (emphasis added). Second, in what has come to be known as the Lautenberg Amendment, Congress defined a "misdemeanor crime of domestic violence" to be "an offense that . . . is a misdemeanor . . . and . . . has, as an element, the use or attempted use of *physical force* . . . committed by" an individual who has a specified domestic relationship to the victim. *See* 18 U.S.C. § 921(a)(33)(A) (2018) (emphasis added).

In *Matter of E. Velasquez*, 25 I&N Dec. 278, 282 (BIA 2010), we concluded that the Supreme Court's then-recent decision in *Johnson*, 559 U.S. at 140—a case interpreting the meaning of "physical force" under the ACCA, 18 U.S.C. § 924(e)(2)(B)(i) (2006)—controlled our interpretation of section 237(a)(2)(E)(i). Since then, the Supreme Court has addressed the meaning of "physical force" as it is used in the Lautenberg Amendment in *United States v. Castleman*, 572 U.S. 157, 168 (2014), and recently returned to the meaning of "physical force" under the ACCA in *Stokeling*, 139 S. Ct. at 555. In doing so, the Supreme Court has ascribed different meanings to the phrase "physical force" depending on the statutory context in which it is found.

### B. Defining "Physical Force"

#### 1. Case Law Developments

The ACCA provides for criminal sentencing enhancements for certain felons who have committed three or more "violent felon[ies]." 18 U.S.C. § 924(e)(1). In *Johnson*, 559 U.S. at 140, the Supreme Court held that, "in the context of [the ACCA's] definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." Applying this construction of 18 U.S.C. § 924(e)(2)(B)(i), the Court concluded that the defendant's Florida battery conviction, which, under State law, required proof of only the merest offensive touching, did not categorically require proof of violent force, and

therefore did not qualify as a violent felony. *Id.* at 138–43. The Court further explained that applying a definition of "force" derived from the crime of battery, which encompassed mere offensive touching, would have led to a "comical misfit" with the term "violent *felony*" because at common law battery was a misdemeanor. *Id.* at 145 (emphasis added). The Court declined to ascribe to Congress an intent to define "violent felony" to include common law misdemeanors. *Id.* at 141–42.

Four months after *Johnson* was handed down, we decided *Matter of E. Velasquez*. Noting that the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(i) was, "in pertinent part, identical" to the definition of "crime of violence" in 18 U.S.C. § 16(a), we applied *Johnson*'s definition of "physical force" under 18 U.S.C. § 924(e)(2)(B)(i) to our interpretation of section 237(a)(2)(E)(i), which incorporates § 16(a) by reference. *Matter of E. Velasquez*, 25 I&N Dec. at 282 ("*Johnson* controls our interpretation of a 'crime of violence' under § 16(a)."). Because the respondent's Virginia statute of conviction—misdemeanor assault and battery of a family member—reached conduct that could not be classified as "physical force" under *Johnson*, that is, force capable of causing pain or injury, we concluded that the statute did not categorically define a crime of violence and therefore did not categorically define a crime of domestic violence under section 237(a)(2)(E)(i). *Id.* at 280–81, 283.

Four years after *Johnson*, the Supreme Court examined the meaning of the same phrase—"physical force"—as part of the Lautenberg Amendment. *Castleman*, 572 U.S. at 162–68. Originally enacted as part of the Omnibus Consolidated Appropriations Act of 1997, Division A of Pub. L. No. 104-208, § 658, 110 Stat. 3009, 3009–371 (1996), the Lautenberg Amendment prohibits the possession of firearms by specified classes of individuals, including anyone "who has been convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C. § 922(g)(9) (2018). A "misdemeanor crime of domestic violence," in turn, is defined as "an offense that is a misdemeanor . . . and . . . has, as an element, the use or attempted use of physical force . . . committed by" an individual who has a specified domestic relationship with the victim. 18 U.S.C. § 921(a)(33)(A).

*Castleman* explained that domestic violence "encompass[es] acts that one might not characterize as 'violent' in a nondomestic context," and that perpetrators of domestic violence are "routinely prosecuted under generally applicable assault or battery laws." 572 U.S. at 164–65 (quoting *United States v. Hayes*, 555 U.S. 415, 427 (2009)). *Castleman* concluded that, unlike the ACCA provision at issue in *Johnson*, "physical force" in the context of a "misdemeanor crime of domestic violence" included even the minimal degree of force necessary to support a common-law battery conviction, that is, "even the slightest offensive touching." *Id.* at 162–63

(quoting *Johnson*, 559 U.S. at 139). In contrast to *Johnson*, where defining "violent felony" to include misdemeanor battery produced nonsense, *Castleman* explained that the level of force required to commit a misdemeanor battery at common law "fits perfectly" in the context of a "misdemeanor crime of domestic violence." *Id.*

Three years ago, the Supreme Court returned to the same ACCA provision it considered in *Johnson*, this time examining whether a Florida robbery statute categorically required proof of "physical force." *Stokeling*, 139 S. Ct. at 549–50. Noting that "force" and "violence" were frequently used interchangeably in the context of common-law robbery, *Stokeling* concluded that the "physical force" necessary to overcome the slightest resistance of a victim—which is what distinguished robbery from larceny at common law—is sufficient to constitute "violent force" for purposes of the ACCA. *Id.* at 550, 553.

*Stokeling* distinguished *Johnson* on the basis that the Florida battery statute at issue in *Johnson* tracked the common-law battery definition, criminalizing "*any* intentional physical contact." *Id.* at 553 (quoting *Johnson*, 559 U.S. at 140). That definition necessarily encompassed force not capable of causing physical pain or injury, including mere offensive touching. *Stokeling* reasoned the offensive touching "*Johnson* addressed involved physical force that is different in kind from the violent force necessary to overcome resistance by a victim." *Id.* "By contrast," the Court held, "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*, and 'suggest[s] a degree of power that would not be satisfied by the merest touching.'" *Id.* (alteration in original) (quoting *Johnson*, 559 U.S. at 139). *Stokeling* concluded that this "understanding of 'physical force' comports with *Johnson*." *Id.* at 552; *see also id.* at 555 (concluding that "physical force" or "'force capable of causing physical pain or injury' includes the amount of force necessary to overcome a victim's resistance" (quoting *Johnson*, 559 U.S. at 140)); *Matter of A. Valenzuela*, 28 I&N Dec. 418, 423 (BIA 2021) (applying *Stokeling* to section 101(a)(43)(F) of the INA, 8 U.S.C. § 1101(a)(43)(F) (2018), which defines an aggravated felony crime of violence by reference to § 16(a)). Because the Florida robbery statute at issue in *Stokeling* required proof of force sufficient to overcome a victim's resistance, while the Florida battery statute at issue in *Johnson* did not, *Stokeling* concluded that the robbery statute qualified as a "violent felony" under the ACCA. 139 S. Ct. at 554–55.

### 2. *Castleman*'s Definition of Physical Force Is Inapplicable

DHS urges us to adopt *Castleman* as a guide to our interpretation of "crime of domestic violence" under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i). First, DHS notes that the phrase "physical force" appears in both the Lautenberg Amendment and in 18 U.S.C. § 16(a), and on that basis suggests we should presume Congress intended that the terms be given the same meaning in both statutory contexts. Second, because section 237(a)(2)(E)(i) is concerned with crimes of domestic violence, DHS also suggests that we should understand "physical force" in light of *Castleman*'s admonition that domestic violence can include "acts that one might not characterize as 'violent' in a nondomestic context." *Castleman*, 572 U.S. at 165.

DHS' first argument, based on the canon of consistent usage, was expressly rejected by the Supreme Court in *Castleman*. *See id.* at 163 n.3. Indeed, *Castleman*'s primary holding was that "physical force" as it is used in the Lautenberg Amendment means something different than it does in the ACCA. That holding is what animated much of Justice Scalia's disagreement with the majority. *See id.* at 174 (Scalia, J., concurring in part and concurring in the judgment) (suggesting the phrase "physical force" in the Lautenberg Amendment should be given "*Johnson*'s interpretation" based on "the presumption of consistent usage"). Because *Castleman* specifically held that the phrase "physical force" in the Lautenberg Amendment means something different than "physical force" in the ACCA, we reject the DHS' suggestion that the phrases should be construed identically.

DHS' second argument that the Lautenberg Amendment's definition of "physical force" should apply to section 237(a)(2)(E)(i) because both provisions address domestic violence, fares no better. The Supreme Court has rejected that argument as well, expressly noting that *Castleman* did *not* extend to section 237. As the Justices explained, "Our view that 'domestic violence' encompasses acts that might not constitute 'violence' in a nondomestic context does not extend to a provision like [section 237(a)(2)(E)(i)], which specifically defines 'domestic violence' by reference to a generic 'crime of violence[]'" under §16(a). *Castleman*, 572 U.S. at 165 n.4; *see also Matter of A. Valenzuela*, 28 I&N Dec. at 420 (applying § 16(a) where expressly incorporated by reference into section 101(a)(43)(F)). In other words, a crime of domestic violence under section 237(a)(2)(E)(i) must necessarily involve a crime of violence under § 16(a).

Congress could have defined "crime of domestic violence" under section 237(a)(2)(E)(i) by reference to the Lautenberg Amendment's definition of "misdemeanor crime of domestic violence." *See* 18 U.S.C. § 921(a)(33)(A).

Instead, it elected to tie removability under section 237(a)(2)(E)(i) to a subset of "crime[s] of violence" as defined at § 16(a) that also involve a victim with a particular relationship to the perpetrator.  We recognize the serious human toll of domestic violence, as well as the significance Congress has ascribed to it.  *See generally Matter of A-M-*, 25 I&N Dec. 66, 73–74 (BIA 2009) (discussing protections Congress has extended to battered noncitizens).  We are also aware that some convictions for domestic violence—particularly those prosecuted under generally applicable battery statutes—may not qualify as predicates for removal under *Johnson*.  However, we must hew to the plain language of the statute Congress has enacted.  *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1486 (2021).  *Castleman*'s definition of "physical force" is inapplicable to section 237(a)(2)(E)(i).

### 3.  *Johnson* and *Stokeling* Together Define "Physical Force"

For more than a quarter-century, we have treated "physical force" under 18 U.S.C. § 16(a) and the ACCA identically and applied decisions addressing each provision interchangeably.  We have noted that because of their similarity, "in some cases the question whether a conviction under a particular statutory provision is a 'crime of violence' will have been answered using the same term in another context."  *Matter of Alcantar*, 20 I&N Dec. 801, 807 (BIA 1994); *see also Matter of Kim*, 26 I&N Dec. 912, 914 (BIA 2017) (noting "*Johnson* . . . control[s] our interpretation of § 16(a)");[3] *Matter of Guzman-Polanco*, 26 I&N Dec. 713, 717 (BIA 2016) (noting the ACCA and § 16(a) are "very similar" (citation omitted)); *Matter of E. Velasquez*, 25 I&N Dec. at 282 (same).  This practice is consistent with *Johnson* itself, which relied heavily on *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004)—a case applying 18 U.S.C. § 16—in interpreting the ACCA.  *See Johnson*, 559 U.S. at 140.

Nothing in *Castleman* or *Stokeling* calls into question our long-standing practice of relying on the Supreme Court's interpretation of "physical force" in the ACCA in construing that phrase in § 16(a), and the courts of appeals have likewise continued to rely on precedential decisions interpreting "physical force" under each of these provisions as applicable to the other.[4]

---

[3]  In *Matter of Kim*, we took note of *Castleman* but did not address its impact, if any, on the definition of "physical force."  *See* 26 I&N Dec. at 919 n.8 ("[W]e do not attempt to demarcate the precise point at which force becomes 'violent' under *Johnson*.").

[4]  *See, e.g.*, *Villanueva v. United States*, 893 F.3d 123, 130 (2d Cir. 2018) ("We accept [the] premise that 'crime of violence' in subsection 16(a) is the equivalent of 'violent felony' in subsection 924(e)."); *United States v. Studhorse*, 883 F.3d 1198, 1203 (9th Cir. 2018) (applying the "near-identical language of the Armed Career Criminal Act" to articulate the requirements of § 16(a)); *Stuckey v. United States*, 878 F.3d 62, 68 n.9 (2d

In *Matter of E. Velasquez*, 25 I&N Dec. at 282, we explained that "*Johnson* controls our interpretation of a 'crime of violence' under § 16(a)," notwithstanding the fact that *Johnson* arose in the ACCA context. Following *Stokeling*, which was also an ACCA case, we now must read *Johnson* and *Stokeling* together to assess whether a statute categorically requires proof of "physical force" under § 16(a) in determining removability under section 237(a)(2)(E)(i). This level of force is not satisfied by a battery statute that criminalizes mere offensive touching but is satisfied by a robbery statute that requires proof of force sufficient to overcome the slightest resistance. *See Stokeling*, 139 S. Ct. at 553, 555; *Johnson*, 559 U.S. at 139–40; *Matter of A. Valenzuela*, 28 I&N Dec. at 422–23.

## C. Application to the Respondent

The question, then, is whether Louisiana's domestic abuse battery statute categorically requires proof of "physical force," as that phrase is understood by *Johnson* and *Stokeling*. We first determine the level of force required by State law to commit the offense. That is a pure question of State law on which Louisiana courts' interpretation of Louisiana law controls. *See Montana v. Wyoming*, 563 U.S. 368, 377 n.5 (2011); *Caldwell v. Janssen Pharmaceutica, Inc.*, 144 So. 3d 898, 906 (La. 2014). We then compare that level of force to the definition of "physical force" established by the Supreme Court in *Johnson* and *Stokeling*. Having reviewed the pertinent State authority, we conclude that domestic abuse battery under section 14.35.3 of the Louisiana Statutes does not categorically require "physical force" within the meaning of § 16(a).

Louisiana courts have explained that simple battery is an element of domestic abuse battery. Both the Court of Appeals of Louisiana and the Supreme Court of Louisiana identified two distinct elements of domestic abuse battery: simple battery and the requisite domestic relationship between the perpetrator and the victim. The court of appeals in *State v. Davis* explained that in addition to the commission of a simple battery, "living together as husband and wife is an additional element of the domestic abuse battery crimes." 176 So. 3d 580, 587–88, 97 n.22 (La. Ct. App. 2015), *rev'd on other grounds*, 221 So. 3d 28 (La. 2017). Subsequently, in the same case, the State supreme court confirmed the existence of these separate elements: "The defendant does not challenge the appellate court's finding that he committed a simple battery upon [the victim]. The dispute in the present

Cir. 2017) ("[T]he identical language of . . . § 16(a) and § 924(e)(2)(B)(i) means that cases interpreting . . . one statute are highly persuasive in interpreting the other statute."); *Douglas v. United States*, 858 F.3d 1069, 1071–72 (7th Cir. 2017) ("*Leocal* dealt with . . . § 16(a), which is similar to [§ 924(e)(2)(B)] in the Armed Career Criminal Act.").

case is confined to whether the household relationship element was met to support the conviction for domestic abuse battery . . . ." *Davis*, 221 So. 3d at 35 n.9.

In other words, domestic abuse battery is simple battery "committed by one household member upon the person of another household member." *See Davis*, 221 So. 3d at 31 (citation omitted); *see also Davis*, 176 So. 3d at 597 n.22. And, indeed, this is how domestic abuse battery is charged in Louisiana. *See* Cheney C. Joseph, Jr. & P. Raymond Lamonica, La. Crim. Jury Instructions & Procs. Companion Handbook, §§ 10.33–10.34 (Feb. 2022) (noting that simple battery is a lesser included offense of domestic abuse battery). The State rules of criminal procedure likewise refer to domestic abuse battery as a particular type of simple battery, both involving the same minimum level of force. *See* La. C. Cr. P. Art. 211.1(C)(1)(c) (2011).

Finally, we note that Louisiana incorporates simple battery into the definitions of other types of battery, including sexual battery, *see State v. Trackling*, 921 So. 2d 79, 84 (La. 2006), battery on a police officer, *see State v. Johnson*, 823 So. 2d 917, 921 (La. 2002) (per curiam), and aggravated battery, *see State v. Chehardy*, 157 So. 3d 21, 25 (La. Ct. App. 2013); *State v. Brooks*, 499 So. 2d 741, 746 (La. Ct. App. 1986). The conclusion that simple battery is an element of and shares a common level of "force or violence" with domestic abuse battery is consistent with this broader statutory structure and comports with the Supreme Court of Louisiana's directive to "presume[] that the intention of the legislative branch is to achieve a consistent body of law." *Janssen Pharmaceutica*, *Inc.*, 144 So. 3d at 907–08.

For over a century, Louisiana courts have held that simple battery under section 14.35 of the Louisiana Statutes and its predecessors may include even the most trifling or "merely offensive" touching. *State v. Schenck*, 513 So. 2d 1159, 1165 (La. 1987) ("An essential element of battery is 'physical contact whether injurious or merely offensive' . . . ." (citation omitted)), *superseded by statute*, La. Acts 1984, No. 924, § 1; *State v. Mitchell*, 466 So. 2d 514, 517 (La. Ct. App. 1985) (holding that merely touching another is sufficient force to constitute a simple battery if done while masturbating because such a touch is "certainly offensive"); *see also State v. Dauzat*, 392 So. 2d 393, 396 (La. 1980); *State v. Tauriac*, 813 So. 2d 1187, 1189 (La. Ct. App. 2002); *State v. Robinson*, 549 So. 2d 1282, 1284 (La. Ct. App. 1989).[5]

---

[5]   The present simple battery statute, section 14:35, was enacted in 1978. *See* La. Acts 1978, No. 394, § 1. However, Louisiana courts have continued to treat pre-1978 precedent describing the level of force or violence necessary to commit a simple battery as applicable to post-1978 offenses. *See Robinson*, 549 So. 2d at 1284 (citing *State v. Foster*, 101 So. 255 (La. 1924), and *State v. Robertson*, 20 So. 296, 298 (La. 1896) ("[A] battery is not

Under *Johnson*, 559 U.S. at 139–40, if a statute criminalizes mere offensive touching, it cannot categorically be a crime of violence. As noted above, Louisiana has held its simple battery statute encompasses trifling or merely offensive touching. *See, e.g.*, *Schenck*, 513 So. 2d at 1165; *Mitchell*, 466 So. 2d at 517. As simple battery is a lesser included offense of and defines the level of force required for domestic abuse battery, *Davis*, 221 So. 3d at 35 n.9; *Davis*, 176 So. 3d at 588 n.10, 597 n.22, domestic abuse battery likewise criminalizes mere offensive touching. Thus, domestic abuse battery under section 14:35.3 does not categorically require "physical force," as defined in 18 U.S.C. § 16(a), and interpreted in *Johnson* and *Stokeling*. Because the respondent's conviction is not categorically a conviction of a crime of violence under 18 U.S.C. § 16(a), it cannot be a conviction of a crime of domestic violence under section 237(a)(2)(E)(i).

## III. CONCLUSION

Section 237(a)(2)(E)(i) of the INA incorporates by reference 18 U.S.C. § 16(a), which we have explained is "very similar" to the language of 18 U.S.C. § 924(e)(2)(B)(i). *Matter of Guzman-Polanco*, 26 I&N Dec. at 717 (citation omitted). Accordingly, we apply the construction of "physical force" under 18 U.S.C. § 924(e)(2)(B)(i) as discussed in *Johnson* and *Stokeling* when interpreting 18 U.S.C. § 16(a). *Castleman*'s interpretation of "physical force" as part of the definition of a "misdemeanor crime of domestic violence" is inapplicable.

As interpreted by the Supreme Court of Louisiana, domestic abuse battery extends to mere offensive touching as discussed in *Johnson*. The statute is therefore overbroad with respect to 18 U.S.C. § 16(a) and does not categorically define a crime of violence. Accordingly, it cannot serve as the predicate offense for removability under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i). We therefore sustain the respondent's appeal, vacate the Immigration Judge's decision, and terminate the proceedings. *See Matter of Sanchez-Herbert*, 26 I&N Dec. 43, 45 (BIA 2012).

**ORDER:** The respondent's appeal is sustained.

**FURTHER ORDER:** The decision of the Immigration Judge is vacated, and removal proceedings are terminated.

---

necessarily a forcible striking with the hand or stick, or the like, but includes every touching or laying hold, however trifling, of another person, or his clothes, in an angry, revengeful, rude, insolent, or hostile manner.")).